**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 03 2014, 7:23 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DAVID HOOKER**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID HOOKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1311-CR-523 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-0109-CF-816

**September 3, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

David Hooker appeals the trial court's denial of his motion to vacate a guilty plea he entered into in 2001. Finding no error, we affirm.

On September 12, 2001, the State charged Hooker with class B felony burglary and class D felony theft. On November 2, 2001, Hooker pleaded guilty to class C felony burglary in exchange for dismissal of the theft count. The trial court sentenced Hooker to a four-year term, which he has served and completed.

On June 8, 2006, the State charged Hooker with new, separate offenses. On December 20, 2006, a jury convicted Hooker of class A felony robbery resulting in serious bodily injury and class A felony battery by means of a deadly weapon. The trial court later adjudged Hooker to be an habitual offender. On February 8, 2007, the trial court sentenced Hooker to thirty years for robbery, declined to enter judgment on the battery count because the same facts supported each conviction, and sentenced Hooker to an additional thirty years for being an habitual offender.

On October 21, 2013, Hooker filed a motion to withdraw his 2001 guilty plea and vacate that conviction. The trial court denied the motion, and Hooker now appeals.

On appeal, Hooker argues that the trial court should have explained to him in 2001 that his guilty plea could later form the basis for an habitual offender finding, should he continue committing crimes. First, we note that the trial court made all proper advisements of Hooker's rights at the guilty plea hearing. Included among those advisements was a statement that prior adult convictions can result in either consecutive or longer sentences. Appellant's App. p. 6. Second, we note that the trial court was not

required to look into a crystal ball to predict that Hooker would continue his life of crime and advise him accordingly.[1]  Finally, we note the well-established rule of law that a guilty plea may only be withdrawn before the sentence is imposed.  Ind. Code § 35-35-1-4(b).  Hooker waited until his sentence had been fully served and he was six years into another, unrelated sentence, to raise this issue.  It is simply too late.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.

---

[1] Indeed, we note that if the trial court had a crystal ball, the most prudent advisement to Hooker would have been to refrain from committing the crimes in the first place.